# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARK ALAN STEARNS,<br><br>Defendant. | Case No. CR09-0054<br><br>ORDER FOR PRETRIAL DETENTION |

On the 2nd day of September, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Marti Sue Sleister. The Defendant appeared personally and was represented by his attorney, Jill M. Johnston.

## RELEVANT FACTS

On August 12, 2009, Defendant Mark Alan Stearns was charged by Indictment (docket number 2) with one count of conspiracy to manufacture methamphetamine and two counts of distribution of methamphetamine. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on November 2, 2009.

Cedar Rapids Police Officer Nick Nolte, who is currently assigned to the DEA Task Force, testified regarding some of the circumstances underlying the instant charges. According to Officer Nolte, Defendant has been under investigation by the drug task force since January 2008. On March 27, 2008, Defendant sold a confidential informant .5 grams of methamphetamine for $50. The transaction was recorded and surveilled by task force officers. On May 5, 1008, a second controlled buy was conducted by the task force, using a confidential informant.

1

On May 15, 2008, a search warrant was executed at Defendant's residence on 8th Avenue in Cedar Rapids. Officers found "remnants of a meth lab," including sludge, scales, pseudoephedrine pills, and Coleman fuel. A second search of Defendant's residence was conducted on February 28, 2009, and officers again found remnants of a meth lab, including sludge, fuel, and coffee filters.

According to the pretrial services report, Defendant is 49 years old, divorced, and has two adult children. Defendant has resided in the Cedar Rapids area for virtually all of his life. Defendant dropped out of high school, but subsequently earned a GED. Defendant has been unemployed since at least February 2008.

Defendant admitted using marijuana on a daily basis at age 11, but told the pretrial services officer that he has not used marijuana since 1988. Defendant also reported the daily use of cocaine from about 1980 to 1982. Significantly, Defendant admitted the daily use of methamphetamine from about July 2007 until he was arrested on February 28, 2009.

Defendant's criminal record dates back to 1982, when he received a five-year suspended prison term for possession with intent to distribute marijuana. In 1989, Defendant was sentenced to 104 months in federal prison for distribution of cocaine and conspiracy to distribute controlled substances. Defendant was released from prison in October 1996 and placed on supervised release in May 1997. Defendant was successfully discharged from supervised release in January 2001.

Apparently, Defendant did well from 1997 until 2007, when he began using methamphetamine. In January 2008, Defendant was charged with possession of a controlled substance and possession of precursors. In May 2008 (following the search of his residence), Defendant was charged with possession of marijuana, third offense. In July 2008, Defendant was charged with possession of precursors. Defendant was sentenced in all three cases on December 23, 2008. Defendant received suspended prison terms, but as a condition of his probation Defendant was required to reside at a residential facility.

Apparently, bed space was not immediately available at the Hinzman Center, and Defendant was still on street probation when officers conducted the second search warrant at his residence on February 28, 2009. Defendant was arrested at that time and a report of violation was filed. On June 5, 2009, Defendant was found in contempt of court for violating his probation, and sentenced to serve 97 days in jail with credit for 97 days time served. Defendant was then placed at the Hinzman Center.

In July 2009, Defendant's back allegedly "locked up" as he was climbing up onto a bunk bed and he fell to the floor. Defendant then refused to use the top bunk and told authorities that he "would rather go to jail than get on the top bunk." Defendant was then transferred from the Hinzman Center to the Linn County Jail, where he remained until he was writted to federal court on the instant charge.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the

community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with one count of conspiracy to manufacture methamphetamine and two counts of distribution of methamphetamine, which are offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger

to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with one count of conspiracy to manufacture methamphetamine and two counts of distribution of methamphetamine. The distribution counts are based on controlled purchases which were recorded and surveilled by task force officers. Accordingly, the "weight of the evidence" would appear to be strong. Defendant has a long history of substance abuse and apparently started using methamphetamine regularly in July 2007. He continued to use methamphetamine while the state cases were pending in 2008 and after he was placed on probation on December 23, 2008. Defendant has apparently been unemployed since about the time that he started using methamphetamine in July 2007. Defendant was on pretrial release at the time of the events which give rise to Counts 2 and 3. Defendant's continuing use of methamphetamine, and particularly the manufacture of methamphetamine, constitute a generalized danger to the community.

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not

disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (August 31, 2009) to the filing of this Ruling (September 2, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 2nd day of September, 2009.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA